Brinkerhoee, J.
This is a petition in error to reverse the judgment of the superior court of Cincinnati, in general term, affirming the judgment of said court at special term, in an action wherein the defendant in error was plaintiff, and the plaintiffs in error were defendants.
The errors complained of here, as in the superior court in general term, are: 1. Said court at special term refused to charge the jury as prayed by the defendants. 2. Said court refused to grant a new trial, at the motion of the defendants, on the ground that the verdict was contrary to the weight of the evidence.
Two bills of exceptions were signed, from which it is claimed the errors appear.
The case, so far as it is necessary to state it, in order to understand the questions made by the assignments of error, is this :
The board of trustees and visitors of common schools in the city of Cincinnati,' having advertised for proposals for the erection of a school-house in the twelfth district of said city, Blaney & Morgan made a proposal in writing to do the entire vrork, and furnish the materials therefor, which was accepted by the school board on the 30th of November, 1857, and a written contract entered into in pursuance thereof on the 5th of December, 1857.
The plaintiff below, Hoke, .in his petition claims that he made an agreement with Blaney & Morgan to do all the brickwork of said school-house, and furnish the materials for the said work, according to the plans and specifications then in the office of the school board, which the defendants refused to allow him to perform.
Blaney & Morgan in their answer deny that they ever entered into any such agreement.
*294 It is not claimed that there was any written contract, nor any formal oral contract, between the parties; but that the contract, is deduced from some one, or all, of several conversations occurring at different times and places, between the parties.
The case was tried to a jury, who found a verdict for the plaintiff below.
The defendants below moved for a new trial, on the ground that the verdict was against the weight of the evidence, and of error in the court refusing to charge the jury as requested by defendants below; which motion was overruled, and judgment was rendered on the verdict.
One of the bills of exception embodies all the evidence given to the jury; and it is now claimed that the court below erred in not awarding a new trial, on the ground that the verdict was contrary to the weight of the evidence. We have read this evidence, and we find in it no such preponderance in favor of the defendants below as would justify us in disturbing the verdict on that ground.
The evidence and arguments of counsel being closed, counsel for defendants below requested the court to charge the jury, that,
1. “To enable the plaintiff to recover, the jury must be satisfied, from the evidence, that there was a complete contract between him and the defendants. In order to constitute such a contract, their minds must have met and agreed upon all the points intended by either the plaintiff or defendants to be comprised therein. The belief by the plaintiff, that there had been such an agreement of their minds, would not have been sufficient, unless there was also an understanding to that effect on the part of the defendants, if there was no written contract, nor formal verbal contract. But this plaintiff claims the contract to have been made up from conversations held at different times. The jury must be satisfied, from the evidence, what the substance of those conversations was, and that both parties intended, thereby, without reference to what might afterward occur, to make a contract comprising all the terms to be *295 agreed upon between them. Which instruction was given by the court.”
Counsel for the defendants below then asked the court to give to the jury the following further instructions.
2, “ If nothing was said in those conversations about the time wh»n the work was to be begun or ended; about the security to be given by the plaintiff for its faithful performance ; about a penalty for failing to complete it within the specified time; or about additions to or alterations in the work; if it was known to the plaintiff that the defendants were expected to enter into a written contract with the school board, in which all or any of these particulars were to be provided for: and it was understood between the plaintiff and defendants that after such contract with the school board was executed, they would draw up and sign a written contract, which should also contain stipulations on these points, but their exact purport and effect had not then been agreed upon either between the defendants and the school board, or the plaintiff and defendants; then there was no complete contract between the plaintiff and the defendants. And the want of such contract will not be supplied by the fact that the plaintiff was willing to comply with the terms afterward agreed upon between the defendants and the school board, if the negotiations between the plaintiff and defendants had been broken off;” which instructions the court refused to give, and this refusal is the foundation of the only remaining assignment of error.
The bills of exception do not purport to set forth the whole charge of the court to the jury, but such instructions only as were by counsel specially requested. It does, however, appear that, aside from these, the court charged the jury on the law of the case generally.
And there was no error in the refusal of the court to charge as requested, unless the instruction asked was absolutely true, as an entire proposition, and in all its parts, without qualification. French v. Millard, 2 Ohio St. Rep. 44. »
We think that the instruction, which the court was requested to give was not absolutely true without qualification.
*296 The contract in question between the parties, not being one which the statute of frauds requires to be in writing, if it were in all other respects complete, would be none the less a good and binding contract, from the mere fact that it was understood between the parties that the contract was subsequently to be in due form reduced to writing and signed by them.# This is, in effect, held in the case of Thomas v. Dering, 15 E. Ch. R. (1 Keen), 729. In that case, the plaintiff wrote to the defendant offering him a certain price for a landed estate which the defendant had offered for sale. The defendant replied by letter, accepting the offer. On a bill for specific performance, the master of the rolls held the contract to be complete, although it distinctly appeared, from the correspondence, that the future execution of a more formal agreement in writing was contemplated by the parties. The contract was there made through the medium of a correspondence by letter; but that does not alter the principle of the case, when applied to. one not within the purview of the statute of frauds. It is true, the doctrine of that case will hold good only where the agreement was in all other respects complete, and in the absence of any understanding between the parties, that it should not be complete until formally executed in writing. How these things in fact were, was a question for the jury, under proper instructions from the court; and these instructions— the record showing nothing to the contrary — will, on error, be presumed to have been given.
Recurring now to the instruction asked from and refused by the court, and to the several facts hypothetically supposed to be found by the jury, it will be observed that there are in it no words which exclude the finding by the jury of other, further, and additional facts, which might modify or reverse the conclusion of law arising from the facts first supposed, if considered alone. The court is not asked to say that if these facts, and these only, are found by the jury, “ then there was no complete contract between the plaintiff and the defendants but the court is asked to say, in effect, that if the facts supposed exist at all — without reference to other possible facts— “ then there was no complete contract between the plaintiff *297 and the defendants.” And this is not a matter of mere verbal niceness on our part; for it is evident enough that counsel for the defendant below, in requesting the instructions refused by the -ourt, meant just what they said, no more and no less. Those instructions were not absolutely correct; for, although the jury may have found that “nothing was said” between the parties “ about the time when the work was to be begun or ended; about the security to be given by the plaintiff for its faithful performance; about a penalty for failing to complete it within the specified time; or about additions to, or alterations in, the work; that it was known to the plaintiff that the defendants were expected to enter into a written contract with the school board, in which any or all of these particulars were to be provided for; and it was understood between the plaintiff and defendants that after such contract with the school board was executed, they would draw up and sign a written contract, which should also contain stipulations on these points, but their exact purport and effect had not then been agreed upon either between the defendants and the school board, or the plaintiff and defendants;” still, if the fact were, and the jury should so find, that it was further agreed between the-plaintiff and the defendants, that in all these particulars the written contract between them thereafter to be formally executed should conform to the requirements of the formal contract to be executed between the defendants and the school board, there was a complete agreement between the parties — a meeting of minds, comprehending all its particulars — and leaving nothing to be done but to reduce the complete contract to writing and sign it. And this we have already held was not necessary to give it binding force and obligation.
Judgment affirmed.
Peck, C.J., and Scott, Ranney and Wilber, JJ., concurred.